UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FILED
JAMES J. VILT, JR. - CLERK
OCT - 5 2021
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA

INDICTMENT

v.

NO. 3:21-CR-127-CHB

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)
21 U.S.C. § 841(b)(1)(B)
21 U.S.C. § 841(b)(1)(C)
21 U.S.C. § 846
21 U.S.C. § 853
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(a)(2)
18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 924(d)
18 U.S.C. § 2313
28 U.S.C. § 2461

**ERIC D. MOSLEY (1, 5, 6, 7, 8)**
 a/k/a "Blake", a/k/a "EST CEO"
**ZAMAN TAYLOR (1, 4)**
 a/k/a "Poe", aka "Zoe"
**KHASI JONES (1)**
 a/k/a "FatBoy"
**DEVONZO SUMMERS (1, 3)**
 a/k/a "30boppa"
**RICOS MOSLEY (1)**
 a/k/a "FreakyRicc"
**BARRY REED (1, 2)**
 a/k/a "GUCCI"
**CEDRIC PALMER (1)**
 a/k/a "TEZ"
**AERION COOK (1)**
 a/k/a "A.D."
**DAZARAY RICE (1)**
**DARRIAN TOOGOOD (1)**

The Grand Jury charges:

COUNT 1
(*Conspiracy to Possess with Intent to Distribute and Distribution of Controlled Substances*)

Beginning on a date unknown to the Grand Jury, but at least as early as March 10, 2021, and continuing up to and through on or about September 27 2021, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, **ERIC D. MOSLEY, ZAMAN TAYLOR, KHASI JONES, DEVONZO SUMMERS, RICOS MOSLEY, BARRY REED,**

**CEDRIC PALMER, AERION COOK, DAZARAY RICE,** and **DARRIAN TOOGOOD**, defendants herein, knowingly and intentionally conspired with each other and others, known and unknown to the Grand Jury, to possess with the intent to distribute and distributed 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1- (2-phenylethyl)-4-piperidinyl] propanamide, commonly known as "fentanyl," 500 grams or more of a mixture and substance containing a detectable amount of cocaine, and a mixture and substance containing a detectable amount of heroin, all Schedule II controlled substances, as defined by Title 21, United States Code, Section 812.

## OBJECT OF THE CONSPIRACY

1. The participants in the conspiracy sought to enrich themselves through the distribution and sale of methamphetamine, fentanyl, cocaine, and heroin, and to acquire tangible and intangible benefits from the use, possession, distribution, and sale of those controlled substances in the Western District of Kentucky.

## MANNER AND MEANS

2. At times relevant to this Indictment, in the Western District of Kentucky, particularly in the area of Louisville, Kentucky, and elsewhere, **ERIC D. MOSLEY, ZAMAN TAYLOR, KHASI JONES, DEVONZO SUMMERS, RICOS MOSLEY, BARRY REED, CEDRIC PALMER, AERION COOK, DAZARAY RICE,** and **DARRIAN TOOGOOD**, defendants herein, were members and associates of a neighborhood gang and drug trafficking organization that was known alternatively as "Everybody Shines Together" or "EST."

3. **ERIC D. MOSLEY** was a leader of the conspiracy supplying large quantities of controlled substances he acquired to distributors, including but not limited to, **ZAMAN TAYLOR** and other mid-level distributors in the conspiracy, operating in Jefferson County, Kentucky and surrounding areas. These distributors would then dispense the substances to lower-level distributors and users.

4. **ZAMAN TAYLOR** was a leader of the conspiracy and coordinated and directed acts of violence by members of EST toward members and associates of rival gangs and groups.

5. **ZAMAN TAYLOR, KHASI JONES, DEVONZO SUMMERS, RICOS MOSLEY, BARRY REED, CEDRIC PALMER, AERION COOK, DAZARAY RICE**, and **DARRIAN TOOGOOD**, were mid-level and low-level distributors in the conspiracy.

6. Throughout the conspiracy, several members of the conspiracy distributed the methamphetamine and fentanyl on a "front," wherein they provided quantities of these substances on consignment to other distributors, receiving payment for the consigned substances after their sale.

7. The defendants used telephones to facilitate the drug trafficking operation outlined herein. During the course of the conspiracy, members of the conspirators spoke on telephones, at times using coded language, and used text messages, social media, and messenger applications to discuss matters relative to their drug trafficking operation and to facilitate the drug trafficking operation outlined herein.

8. Members of the conspiracy used motor vehicles to transport controlled substances and United States currency constituting the proceeds of the sale of controlled substances to and from areas in and around Louisville, Kentucky and elsewhere.

9.  Members of the conspiracy maintained sizeable amounts of cash to obtain quantities of controlled substances or to pay for controlled substances previously provided on consignment.

10. Members of the conspiracy also utilized firearms in furtherance of the drug trafficking activities.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 841(b)(1)(C).

The Grand Jury further charges:

## COUNT 2
*(Possession of a Firearm in Furtherance of Drug Trafficking)*

On or about May 20, 2021, in the Western District of Kentucky, Jefferson County, Kentucky, **BARRY REED**, a defendant herein, knowingly possessed a firearm, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, the offense charged in Count 1 of this Indictment, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 18, United States Code, Section 924(c)(1)(A).

The Grand Jury further charges:

## COUNT 3
*(Possession of a Firearm in Furtherance of Drug Trafficking)*

On or about June 2, 2021, in the Western District of Kentucky, Jefferson County, Kentucky, **DEVONZO SUMMERS**, a defendant herein, knowingly possessed a firearm, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, the offense charged in Count 1 of this Indictment, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 18, United States Code, Section 924(c)(1)(A).

The Grand Jury further charges:

## COUNT 4
*(Possession of a Firearm in Furtherance of Drug Trafficking)*

On or about July 27, 2021, in the Western District of Kentucky, Jefferson County, Kentucky, **ZAMAN TAYLOR**, a defendant herein, knowingly possessed a firearm, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, the offense charged in Count 1 of this Indictment, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 18, United States Code, Section 924(c)(1)(A).

The Grand Jury further charges:

## COUNT 5
*(Possession with Intent to Distribute Cocaine)*

On or about September 8, 2021, in the Western District of Kentucky, Jefferson County, Kentucky, **ERIC D. MOSLEY**, a defendant herein, possessed with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, as defined by Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

The Grand Jury further charges:

## COUNT 6
*(Possession of a Firearm in Furtherance of Drug Trafficking)*

On or about September 8, 2021, in the Western District of Kentucky, Jefferson County, Kentucky, **ERIC D. MOSLEY**, a defendant herein, knowingly possessed a firearm, that is a Romarm/Cugir 7.62X39 millimeter semi-automatic pistol, bearing serial number PMD-11158-19RO, and a Zigana, model PX-9, 9 millimeter semi-automatic pistol, bearing serial number T0620-19BM13542, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, the offenses charged in Counts 1 and 5 of this Indictment, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 18, United States Code, Section 924(c)(1)(A).

The Grand Jury further charges:

## COUNT 7
*(Possession of a Firearm by a Prohibited Person)*

On or about September 8, 2021, in the Western District of Kentucky, Jefferson County, Kentucky, **ERIC D. MOSLEY**, a defendant herein, did knowingly possess, in and affecting interstate or foreign commerce, a firearm, that is, a Romarm/Cugir 7.62X39 millimeter semi-automatic pistol, bearing serial number PMD-11158-19RO, and a Zigana, model PX-9, 9 millimeter semi-automatic pistol, bearing serial number T0620-19BM13542, and ammunition, with knowledge that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is:

> On or about December 1, 2015, **ERIC D. MOSLEY**, was convicted in Jefferson Circuit Court, Jefferson County, Kentucky, in Case Number 15-CR-002635, of Enhanced Possession of a Controlled Substance in the First Degree, First Offense; Enhanced Possession of Drug Paraphernalia; Enhanced Possession of Marijuana; and Enhanced Possession of a Controlled Substance in the First Degree, First Offense (Heroin); and

> On or about December 1, 2015, **ERIC D. MOSLEY**, was convicted in Jefferson Circuit Court, Jefferson County, Kentucky, in Case Number 15-CR-001341, of Enhanced Trafficking in a Controlled Substance in the First Degree, First Offense, Less than 4 Grams of Cocaine; Receiving Stolen Property (Firearm); Enhanced Possession of Marijuana; and Trafficking in a Controlled Substance in the First Degree, First Offense (Less than 2 grams of Heroin).

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The Grand Jury further charges:

## COUNT 8
*(Possession of a Stolen Motor Vehicle)*

On or about September 8, 2021, in the Western District of Kentucky, Jefferson County, Kentucky, **ERIC D. MOSLEY**, a defendant herein, did receive, possess, conceal, store, barter,

sell and dispose of a stolen motor vehicle, that is, a 2021 Dodge Durango SRT Hellcat, which vehicle had crossed a State boundary after being stolen, to wit, said vehicle being stolen on July 18, 2021, in Novi, Michigan, and subsequently brought into the Commonwealth of Kentucky, knowing the same to have been stolen.

In violation of Title 18, United States Code, Section 2313.

## NOTICE OF FORFEITURE

As a result of committing offenses in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), 841(b)(1)(C), and 846, as specifically charged in this Indictment, felonies punishable by imprisonment for more than one year, **ERIC D. MOSLEY, ZAMAN TAYLOR, KHASI JONES, DEVONZO SUMMERS, RICOS MOSLEY, BARRY REED, CEDRIC PALMER, AERION COOK, DAZARAY RICE,** and **DARRIAN TOOGOOD**, the defendants herein, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of said offense, and any and all of the defendants' property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the violations alleged in this Indictment, including, but not limited to: $144,187.00 in United States currency, a 2016 Merecedes-Benz Sedan bearing Texas temporary license plate number 987548D and vehicle identification number WDDUG8CB2GA233350, a Romarm/Cugir 7.62X39 millimeter semi-automatic pistol, bearing serial number PMD-11158-19RO, and a Zigana, model PX-9, 9 millimeter semi-automatic pistol, bearing serial number T0620-19BM13542, and all ammunition recovered with the firearms.

As a result of committing offenses in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 922(g)(1), as alleged in Indictment, felonies punishable by imprisonment for more than one year, **ERIC D. MOSLEY**, **BARRY REED**, **DEVONZO SUMMERS**, and **ZAMAN TAYLOR**, defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461, all firearms and ammunition involved in the commission of the offenses, including but not limited to: a Romarm/Cugir 7.62X39 millimeter semi-automatic pistol, bearing serial number PMD-11158-19RO, and a Zigana, model PX-9, 9 millimeter semi-automatic pistol, bearing serial number T0620-19BM13542 and all ammunition recovered with the firearms.

A TRUE BILL.

FOREPERSON

*/s/ Michael A. Bennett*
MICHAEL A. BENNETT
ACTING UNITED STATES ATTORNEY

MAB:FED:10052021

UNITED STATES OF AMERICA v. ERIC D. MOSLEY, ZAMAN TAYLOR, KHASI JONES, DEVONZO SUMMERS, RICOS MOSLEY, BARRY REED, CEDRIC PALMER, AERION COOK, DAZARAY RICE, and DARRIAN TOOGOOD

## PENALTIES

Count 1:   NL 10 yrs./NM Life./NM $10,000,000/both/NL 5 yrs. Supervised Release pursuant to 21 U.S.C. 841(b)(1)(A)
    (NL 15 yrs./$20,000,000/both/NL 10 yrs. Supervised Release (with notice of one prior qualifying conviction))
    (NL 25 yrs./$20,000,000/both/NL 10 yrs. Supervised Release (with notice of two prior qualifying conviction))
    NL 5 yrs./NM 40 yrs./$5,000,000/both/NL 4 yrs. Supervised Release pursuant to 21 U.S.C. 841(b)(1)(B)
    (NL 10 yr./NM Life/$8,000,000/both/NL 8 yrs. Supervised Release (with one or more prior qualifying convictions))
    NM 20 yrs./$1,000,000/both/NL 3 yrs. Supervised Release (pursuant to 21 U.S.C. 841(b)(1)(C))
    (NM 30 yr./NM Life/$2,000,000/both/NL 6 yrs. Supervised Release (with one or more prior qualifying convictions))
Count 2:   NL 5 yrs./NM life/$250,000/both/NM 5 yrs. Supervised Release (consecutive)
Count 3:   NL 5 yrs./NM life/$250,000/both/NM 5 yrs. Supervised Release (consecutive)
Count 4:   NL 5 yrs./NM life/$250,000/both/NM 5 yrs. Supervised Release (consecutive)
Count 5:   NL 5 yrs./NM 40 yrs./$5,000,000/both/NL 4 yrs. Supervised Release
    (NL 10 yrs./NM Life/$8,000,000/both/NL 8 yrs. Supervised Release (with one or more prior qualifying convictions))
Count 6:   NL 5 yrs./NM life/$250,000/both/NM 5 yrs. Supervised Release (consecutive)
Count 7:   NM 10yrs./$250,000/both/NM 3 yrs. Supervised Release
Count 8:   NM 10yrs./$250,000/both/NM 3 yrs. Supervised Release
Forfeiture

## NOTICE

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

### SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual<br>$125 per count/other | Felony: | $100 per count/individual<br>$400 per count/other |

### FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**<u>Failure to pay fine as ordered may subject you to the following</u>:**

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    <u>For offenses occurring after December 12, 1987:</u>

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

LOUISVILLE: Clerk, U.S. District Court
106 Gene Snyder U.S. Courthouse
601 West Broadway
Louisville, KY 40202
502/625-3500

BOWLING GREEN: Clerk, U.S. District Court
120 Federal Building
241 East Main Street
Bowling Green, KY 42101
270/393-2500

OWENSBORO: Clerk, U.S. District Court
126 Federal Building
423 Frederica
Owensboro, KY 42301
270/689-4400

PADUCAH: Clerk, U.S. District Court
127 Federal Building
501 Broadway
Paducah, KY 42001
270/415-6400

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.